```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    NOT FOR PUBLICATION
------------------------------------------------------------x
ELUGGUA OSUN ELUFE,

                Plaintiff,
                                                MEMORANDUM AND ORDER
        -against-
                                                10-CV-2638 (KAM)
MAURICE LYONS/MARY LYONS HOUSE INC.,
et al.,

                Defendants.                     DOCKET & FILE
------------------------------------------------------------x
```

MATSUMOTO, United States District Judge:

Plaintiff Eluggua Osun Elufe, who is currently incarcerated at Sing Sing Correctional Facility, brought this *pro se* action against a private residential center and its manager. Plaintiff's request to proceed *in forma pauperis* is granted for the purpose of this Order. For the reasons set forth below, the Complaint is dismissed.

## BACKGROUND

Plaintiff alleges that defendants Maurice Lyons and Mary Lyons House Inc. operated a residential establishment at 81 Blake Avenue in Brooklyn. Plaintiff alleges that the defendants "violated tenant property and multiple residence law by subjecting plaintiff to live under unhygienic conditions, double bunking." (Complaint IV.) He further alleges that he was bitten by bed bugs and subjected to "mental, physical and spiritual anguish." (Complaint IV.A.) Moreover, he alleges that defendants committed "malicious mischief by stealing $15,000 . . . of my property when I got arrested." (Complaint IV.) He alleges that defendants threatened to evict him in retaliation for an unspecified action. (Id.) Plaintiff asserts that these actions violated his Fifth and Fourteenth Amendment rights, and he seeks $15,000 in damages for his stolen property and one million dollars in compensatory and punitive damages.

## DISCUSSION

In reviewing the Complaint, the Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). However, pursuant to the *in forma pauperis* statute, the Court must dismiss a complaint, or any portion of the complaint if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Actions alleging violations of civil rights may be cognizable under 42 U.S.C. § 1983 ("§ 1983"). However, "the conduct complained of must have been committed by a person acting under color of state law," and cannot be applied to the actions of private individuals. Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). As the Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quotations omitted). The under-color-of-state-law requirement can be applied to private individuals in certain limited circumstances, such as where the private individual is engaged in a "public function" or performs conduct that is "fairly attributable to the state." Id., 526 U.S. at 51.

In this case, the only defendants plaintiff names are a private individual, Maurice Lyons, and a private residential care facility, the Mary Lyons House. Plaintiff has not alleged that they

acted under color of state law. A private entity does not become a state actor merely by performing under a state contract. Rendell-Baker v. Kohn, 457 U.S. 830, 841 (1982) ("Acts of such private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts."). Accordingly, all claims against Maurice Lyons and the Mary Lyons House are dismissed.

## CONCLUSION

For the reasons stated above, plaintiff's Complaint is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is respectfully requested to close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

KIYO A. MATSUMOTO
United States District Judge

Dated: Brooklyn, New York
June 18, 2010